UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Mitchell H. Feinbers,  )
                       )
    Plaintiff,         )
                       )
    v.                 )   Civ. Action No. 17-1382 (UNA)
                       )
United States Government, )
                       )
    Defendant.         )
_____)

MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) (requiring dismissal of a case upon a determination that the complaint is frivolous).

Plaintiff seeks a hearing on "manifest abuse against police harassment [and] false imprisonment." Compl. at 1. In his purported sworn testimony, plaintiff "accuse[s] the police of conspiracy to the use of weapons of mass destruction," and he wants "the court to enforce against third party type security guard surveillance intelligence companies believed to conspiracy against invasion of persons and property." *Id.* at 2. The statement continues for several pages with general accusations of, among other activities, surveillance by satellites, military surveillance, "spying . . . with high power radio frequency," and police stops to verify one's identity. *Id.* at 2-3. According to plaintiff, "the police during these stops, interrogations are withholding evidence of bioterrorism and stalking at restorants [sic]." *Id.* at 4. Plaintiff states that he is homeless and disabled, and he "believe[s] people are stalking me intending Hostage Extortion Bioterrorism." *Id.* Plaintiff does

1

not state where such activity is occurring but his address of record is a P.O. Box in Atlanta, Georgia. As for the only named defendant, plaintiff states: "the United States Government has forced me to avoid persons following me traveling to other states to sleep in the park with limited resources cannot afford a hotel or a car," and he "believes that the United States Government is involved in a conspiracy against my own person family and friends." *Id.* at 8-9.

Complaints lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "In determining whether a particular . . . complaint is frivolous . . . under Section 1915[e], the threshold issue for the trial court is an assessment of the substance of the claim presented, *i.e.*, is there a factual and legal basis . . . for the asserted wrong, however inartfully pleaded." *Crisafi v. Holland*, 655 F.2d 1305, 1307 (D.C. Cir. 1981), quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).

Plaintiff's accusations present the type of "fantastic or delusional scenarios" warranting dismissal on frivolous grounds. *Neitzke*, 490 U.S. at 328; *cf. Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"-- for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted); *Crisafi*, 655 F.2d at 1307-08 ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). Apart from that, the complaint is patently insubstantial, and "[a] district court lacks subject matter jurisdiction [over a] complaint [that] 'is patently insubstantial, presenting no federal question suitable for decision.' " *Caldwell v. Kagan*, 777 F. Supp. 2d 177, 178 (D.D.C. 2011), quoting *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009); *see Tooley* at 1010 (listing cases "dismissed for patent insubstantiality [where the] plaintiff was [allegedly] subjected to a

campaign of surveillance and harassment deriving from uncertain origins"). Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

/s/ Amy B. Jackson
United States District Judge

DATE: August 22, 2017